**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DENINE MOSES,**

        Petitioner,

v.                                          **Civil no.  1:06cv175**
                                              **Crim no.  1:03cr54(1)**
                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

On October 24, 2005, *pro se* petitioner, Denine Moses, filed a Petition for *Writ of Certiorari*. The Supreme Court ruled on November 28, 2005, and denied petitioner's motion. Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on December 8, 2006. The undersigned, seeing that the motion was filed more than one year post denial of the *Writ of Certiorari*, sent a <u>Hill v. Braxton</u> Notice on December 13, 2006. Petitioner responded to this notice on January 10, 2007. On February 5, 2007, the respondent filed a Motion To Dismiss Petitioner's Motion, to which petitioner filed his opposition on March 9, 2007.

### I. One-Year Time Limitation

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the latest of the following:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by

(2) governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

## II. Analysis

As the Fourth Circuit has said, absent the issuance of a suspension order by the United States Court or a Justice thereof, judgment of conviction of a prisoner who has petitioned for certiorari becomes final, for purposes of the one-year period of limitation applicable to a motion to vacate sentence, when the Supreme Court denies certiorari after a prisoner's direct appeal. United States v. Segers, 271 F. 3d 181 (4th Cir. 2001). In this case, the Supreme Court denied the petitioner's *Writ of Certiorari* on Monday, November 28, 2005. Therefore, the date that the motion was due was Tuesday, November 29, 2005. See Hernandez v. Caldwell, 225 F.3d 435,

439 (4th Cir. 2000) (stating that the day of the event from which the statute of limitations begins to run is excluded in calculating the one year period.).

If the Court were to find credible the argument that petitioner submitted to prison officials his motion for mailing on November 29, 2006[1], then it would have been timely filed. See Houston v. Lack, 487 U.S. 266 (1988) (holding that an incarcerated petitioner's motion will be considered filed at the moment he submits for mailing his motion to prison officials.). The envelope accompanying the motion, however, has a stamp that reads, "RECEIVED DEC 05, 2006, FCI ALLENWOOD RECORDS OFFICE." This shows that the letter was not received by prison officials until Tuesday, December 5, 2006, and therefore the motion is barred by the statute of limitations.

Furthermore, the undersigned finds no reason for equitable tolling of the statute of limitations. To qualify for equitable tolling there must be extraordinary circumstances that are beyond the control of the party which prevented that party from filing on time. Sosa, 364 F.3d at 512. Petitioner argues that because he did not receive the denial of *Writ of Certiorari* from the Supreme Court until the first week of December 2005, the statute of limitations should be equitably tolled. This, however, is not an extraordinary circumstance that was beyond the control of the petitioner.

In fact, the undersigned finds persuasive the case cited in respondent's motion to dismiss, United States v. Lacey, 993 F. Supp. 831 (D. Kan 1998) (standing for the general premise that not receiving notice of a final judgement until five or six days after the decision,

---

[1] In Petitioner's Response In Opposition to Respondent's Motion, petitioner confusingly refers to the year 2005 when, in the opinion of the undersigned, it should read 2006. (civ. dckt. no. 7). The undersigned will go forward under the assertion that he meant to put 2006.

thereby giving a shorter amount of time for one to file a motion, does not equitably toll the statute of limitations.). Even if the petitioner did not receive notice from the Supreme Court until the first week of December 2005, he still had plenty of opportunity and time to file his motion by the November 29, 2006, deadline. Therefore, the undersigned finds no basis to equitably toll the statute of limitations.

## III. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 5/39) be **GRANTED** and the petitioner's § 2255 motion (dckt. 1/35) be **DENIED** and **DISMISSED with prejudice** as untimely.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic

Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED: June 18, 2008.

                                      *John S. Kaull*
                                      JOHN S. KAULL
                                      UNITED STATES MAGISTRATE JUDGE